IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER BAKER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-19-1187-R |
| KEVIN L. WARD, | ) |
| Defendant. | ) |

## ORDER

Plaintiff Christopher Baker, a state prisoner appearing *pro se* and *in forma pauperis*, filed this action seeking relief pursuant to 42 U.S.C. § 1983. Doc. No. 1. In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On July 6, 2020 Judge Purcell issued his Report and Recommendation. Doc. No. 23. The matter is currently before the Court on Plaintiff's timely objection, Doc. No. 25, which gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Plaintiff makes specific objection. Cognizant of its obligation and granting Plaintiff's filing the liberal construction mandated by *Haines v. Kerner*, 404 U.S. 519 (1972), the Court adopts the Report and Recommendation.

On March 13, 2014, Defendant Kevin Ward, identified by Plaintiff as the Canadian County Undersheriff, sought a search warrant for Plaintiff's residence. Doc. No. 1-2. Defendant described in the warrant request that Plaintiff was suspected of using illegitimate means to have his bad credit information removed from his credit history. *Id.* Based upon

1

Defendant's request, the trial court issued a search warrant permitting a search of Plaintiff's residence. Doc. No. 1-1. Following the search, Plaintiff was arrested, and criminal charges were brought against him in two cases for violation of the Computer Crimes Act, in addition to several counts relating to forgery, among other counts. Doc. No. 17, pp. 3–4. Plaintiff filed motions to suppress the evidence obtained during the search on the grounds that the search warrant was invalid. *Id.* The trial court rejected Plaintiff's motion. *Id.* Plaintiff ultimately entered blind pleas of guilty in both cases. *Id.* On December 23, 2019, Plaintiff filed a complaint in federal court. Doc. No. 1. In his Complaint, Plaintiff alleges that Defendant Kevin Ward violated his Fourth Amendment rights when he executed an invalid search warrant at Plaintiff's residence. *Id.*

In his Report, Judge Purcell recommends the Court dismiss Plaintiff's Complaint, pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B), for failure to state a claim upon which relief may be granted. Doc. No. 23, pp. 5–15. Specifically, he recommends the Court find that Plaintiff's § 1983 claim is barred by the two-year statute of limitations prescribed by Oklahoma law, and not subject to equitable tolling. *Id.* at 6–15.

Plaintiff does not object to Judge Purcell's determination that his § 1983 claim is barred by the two-year statute of limitations prescribed by Oklahoma law. Instead, he contends that the Court should equitably toll the statute of limitations and permit him to continue litigating his federal claim.

Congress has never established "a body of tolling rules applicable to actions brought in federal court under § 1983—a void which is commonplace in federal statutory law." *Board of Regents v. Tomanio,* 446 U.S. 478, 483 (1980). "As such, state law governs the

application of tolling in a civil rights action" *Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004).

> In general, Oklahoma permits the tolling of a statute of limitations in two circumstances. First, the existence of a "legal disability" provides proper grounds for equitable tolling. *See* Okla. Stat. tit. 12, § 96 (West 2000). Although the exact definition of this term remains unclear, Oklahoma courts have applied this provision only for plaintiffs whose competency is impaired or who have not reached the age of majority. *See, e.g., Lovelace v. Keohane,* 831 P.2d 624, 629 (Okla.1992) (finding that those who could conduct their own business affairs over time are sufficiently competent to render them ineligible for "legal disability" tolling); Okla. Stat. tit. 12, § 96 (citing incompetence and failure to attain the age of majority as grounds for meriting legal disability tolling). . . . Second, the Oklahoma discovery rule tolls the statute of limitations "until an injured party knows of, or *in the exercise of reasonable diligence,* should have known of or discovered the injury, and resulting cause of action." *Id.*

*Id.* (original paragraph structure omitted).

First, Plaintiff contends that he should be considered to have a "legal disability" for purposes of Oklahoma's tolling rules because he is in prison and is therefore at a disadvantage when it comes to doing legal research and fact-finding. Doc. No. 25, p. 2. The Court declines to adopt Plaintiff's novel use of the phrase "legal disability." As discussed by the Tenth Circuit above, equitable tolling is available to those plaintiffs who are legally disabled, meaning that their competency is impaired. *Alexander*, 382 F.3d at 1217. Plaintiff concedes that he is competent. Doc. No. 25, p. 2. Therefore, Plaintiff's first objection is without merit.

Next, Plaintiff objects to Judge Purcell's analysis concerning *Heck v. Humphrey*, 512 U.S. 477 (1994). Doc. No. 25, pp. 2–4. In that analysis, Judge Purcell notes that Plaintiff appears to argue in his Complaint, Doc. No. 1, pp. 25–27, that his claim is entitled

3

to equitable tolling based upon *Heck*. Doc. No. 23, pp. 8–13. Judge Purcell recommends the Court find this argument to be without merit. *Id.* The Court need not review this issue. Plaintiff now disclaims any argument that his § 1983 claim is entitled to equitable tolling under *Heck*. Doc. No. 25, pp. 2–4.

Plaintiff also appears to object to Judge Purcell's use of Oklahoma's tolling rules. He asserts that "federal courts possess the power to use equitable principles to fashion their own tolling provisions in exceptional situations in which state statutes of limitations eradicate rights or frustrate policies created by federal law." Doc. No. 25, pp. 6–7 (quoting *Alexander*, 382 F.3d at 1217 n.5). Plaintiff argues that his case is exceptional and suggests that Oklahoma's tolling rules are too narrow, and thus, frustrate the policies animating § 1983. *Id.* Accordingly, he suggests the Court fashion its own tolling rules and toll his statute of limitations. *Id.* The Court need not delve into the merits of Plaintiff's argument; it has already been rejected by the Tenth Circuit. *See, e.g., Alexander*, 382 F.3d at 1217 n.5 ("recognizing the broad equitable tolling available to a plaintiff under Oklahoma law, we do not find the Oklahoma statute of limitations contrary to the policy underlying § 1983").

Finally, Plaintiff objects to Judge Purcell's recommendation of dismissal on the grounds that Plaintiff discovered the "vital information" triggering his claim on March 7, 2017, and that his federal lawsuit was not filed until December, 23, 2019 because he was exercising his due diligence by first pursuing post-conviction relief in state court. Doc. No. 25, pp. 8–12. Even assuming Plaintiff's account is correct, and that the statute of limitations period didn't rightfully begin until March 7, 2017, his federal lawsuit is still barred.

Plaintiff's claims were filed with the Court on December 23, 2019—nine months and sixteen days after the two-year statue of limitations had expired on March 17, 2019.

Moreover, Plaintiff's pursuit of post-conviction relief in state court does not toll the two-year limitations period applicable to his § 1983 claim. As relevant here, "the Oklahoma discovery rule tolls the statute of limitations until an injured party knows of, or *in the exercise of reasonable diligence,* should have known of or discovered the injury, and resulting cause of action." *Alexander*, 382 F.3d at 1217 (internal quotation marks omitted). Plaintiff states that he knew the "vital information" surrounding his injury and resulting cause of action as of—at the very latest—March 7, 2017. Doc. No. 25, p. 8. Therefore, he should have filed his action in federal court by March 17, 2019. Plaintiff's failure to do so properly results in the Court's dismissal of his action.[1]

For the forgoing reasons, the Court herby adopts Judge Purcell's Report and Recommendation to the extent it is consistent with this order. Plaintiff's case is dismissed. The Court also denies, as moot, Plaintiff's Motion for a Rule 16 Management Conference, Doc. No. 24.

**IT IS SO ORDERED** this 17th day of August 2020.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff cites two cases in support of his argument that attempting to redress his claim in state court prior to filing suit in federal court should be enough to toll the limitations period. Doc. No. 25, pp. 8, 10. Neither case supports the merits of Plaintiff's argument, nor does either case involve application of Oklahoma's tolling rules. *See Anjulo-Lopez v. U.S.*, 541 F.3d 814, 713–20 (8th Cir. 2008) (applying Virginia's tolling rules); *Luchessi v. Bar-O Boys Ranch*, 353 F.3d 691, 694–96 (9th Cir. 2003) (applying California's tolling rules).