IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER BAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:19-CV-1187-R |
| | ) |
| KEVIN L. WARD, et. al., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Plaintiff Christopher Baker's ("Plaintiff") Motion to Reconsider. Doc. No. 30. Defendant Kevin L. Ward ("Defendant") filed a Response in Opposition. Doc. No. 31. The Court finds as follows.

On August 17, 2020, the Court entered an order, Doc. No. 28, adopting Judge Gary M. Purcell's Report and Recommendation and concluding that "Plaintiff's § 1983 claim is barred by the two-year statute of limitations prescribed by Oklahoma law, and not subject to equitable tolling." *Id.* at 2. This Court reasoned that i) "state law governs the application of tolling in a civil rights action"; ii) the Court should not "fashion its own tolling rules"; iii) in Oklahoma, Plaintiff's incarceration was not a legal disability;[1] and iv) even if the

---

[1] In his Motion for Reconsideration, Plaintiff reiterates his argument that despite the jurisprudence defining "legal disability" in Oklahoma, the Court should find that incarceration qualifies as a legal disability. Doc. No. 30, p. 4. However, the Supreme Court has clearly stated that "it is the duty of the [federal courts] … to ascertain … what the state law is and apply it rather than to prescribe a different rule, however superior it may appear from the viewpoint of 'general law' and however much the state rule may have departed from prior decisions of the federal courts." *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 87 (1938)). Accordingly, the Court must apply Oklahoma law rather than considering whether "to prescribe a different rule." *Id.*

Court accepted Plaintiff's "vital information" account, the statute of limitations on his claim had still expired. *Id.* at 3–4 (quoting *Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004)). Plaintiff filed this Motion to Reconsider on August 28, 2020, reiterating many of his previous arguments, while additionally arguing that his attorney's negligence justified equitable tolling. Doc. No. 28, p. 8.

"[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Under Fed. R. Civ. Pro. 60(b), "the court may relieve a party … from a final judgment, order or proceeding" for several different reasons.[2] Fed. R. Civ. Pro. 60(b). While a district court has discretion to grant relief as justice requires under Rule 60(b), such relief is "'extraordinary and may only be granted in exceptional circumstances.'" *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.,* 909 F.2d 1437, 1440 (10th Cir. 1990).

---

[2] Specifically, Fed. R. Civ. Pro. 60(b) provides the following reasons for a court to consider when reviewing a motion to reconsider:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff urges the Court to "[re]consider[] the ability of the Plaintiff to authenticate the 'vital information' that ostensibly triggered the instant claims on March 7th 2017."[3] Doc. No. 30, pp. 1–2. However, Plaintiff argued the same in his "Objection to Report and Recommendation," and in its previous order, this Court explained that "[e]ven assuming Plaintiff's account is correct…, his federal lawsuit [—filed on December 23, 2019—] is still [untimely]" because the two-year statute of limitations barred his action even if the Court assumes it accrued on March 7, 2017. Doc. No. 28, pp. 4–5.

Plaintiff again questions the Court's application of Oklahoma law to the definition of "legal disability," arguing that his incarceration renders him disabled. Doc. No. 30, p. 3. As stated before, however, the Court "declines to adopt Plaintiff's novel use of the phrase 'legal disability.'" Doc. No. 28, p. 3.

Plaintiff offers one alternative theory for applying equitable tolling to his claim—his defense attorney's negligence. *Id.* p. 8. He explains that his attorney displayed a "near-total failure to communicate with the Plaintiff on a myriad of post-conviction issues…" even though Plaintiff paid the attorney a "substantial retainer fee." Doc. No. 30, pp. 8–9. Plaintiff, citing *Holland v. Fla.*, 560 U.S. 631, 645 (2010), argues that "a lawyer's unprofessional conduct can be so egregious as to create an extraordinary circumstance warranting equitable tolling, as other federal courts have specifically held." *Id.* p. 9.

---

[3] Plaintiff also offers an alternative date for when his action should have accrued when he states that "the Plaintiff could not authenticate who exactly manufactured such document until he filed his FCRA claims on August 20th 2018 in the Eastern District of Texas." Doc. No. 30, p. 5. Yet, Plaintiff later reiterates that he "knew that notwithstanding the vital evidence that he was on high alert for on March 7th 2017…". Doc. No. 30, p. 6. Thus, the Court construes Plaintiff's argument as admitting the accrual of his action began, at the latest, on March 7, 2017.

"State law governs the application of tolling in a civil rights action" because Congress did not establish statutes of limitations or tolling principles under § 1983. *Alexander*, 382 F.3d at 1217 (citing *Board of Regents v. Tomanio,* 446 U.S. 478, 484–87 (1980)). In Oklahoma, courts have held that the concealment of facts that injure a litigant may justify tolling in legal malpractice actions against the attorney. *Funnell v. Jones*, 737 P.2d 105, 107 (Okla. 1985). However, the Plaintiff here has not brought a claim for legal malpractice, nor does he allege that his previous attorney concealed facts in any way. Rather, he seeks tolling of his § 1983 claim on the basis that his lawyer did a poor job during his representation. Doc. No. 30, p. 9 (stating that "[h]e agreed to do the work, however failed to do anything whatsoever, nor is there any evidence that he had made any meaningful attempt to earn his substantial retainer fee.").

The Supreme Court has held that a court-appointed attorney's failure to file a habeas corpus petition on time could justify equitable tolling. *Holland v. Fla.*, 560 U.S. 631, 645 (2010). Plaintiff's delay here is not comparable to the delay in *Holland*, however. First, in *Holland*, the attorney repeatedly failed to file a habeas corpus petition despite the litigant's multiple requests. 560 U.S. at 642. Here, "Plaintiff has not alleged that Mr. Slane was repeatedly asked to file this lawsuit." Doc. No. 31, p. 8. Thus, Plaintiff's complaint regarding his insufficient legal representation does not warrant equitable tolling, and therefore, his action remains barred by the applicable statute of limitations.

Lastly, Plaintiff argues that "since the Court is unpersuaded by the use of collateral attacks in state court to toll the limitation, he should be able to convince this Court to give the plaintiff more time under the equitable doctrine." Doc. No. 30, p. 10. Plaintiff reasons

4

that the discovery rule applies because, until August 17, 2020, Plaintiff had not "unequivocally authenticated that Defendant manufactured Plaintiff Exhibit #7, a vital piece of information that gave rise to this § 1983 claim…". *Id.* However, application of the discovery rule does not render Plaintiff's claims timely.

"Oklahoma follows the discovery rule allowing limitations … to be tolled until the injured party knows or, in the exercise of reasonable diligence, should have known of the injury." *Resolution Tr. Corp. v. Grant*, 901 P.2d 807, 813 (Okla. 1995). Plaintiff admits that "he was on high alert" of his cause of action on "March 7th 2017." Doc. No. 30, p. 6. As stated above, "[e]ven assuming Plaintiff's account is correct…, his federal lawsuit is still barred" because he still had not filed his suit two years later—March 7, 2019. Doc. No. 28, pp. 4–5.

The Court is unpersuaded by Plaintiff's arguments underlying his request for the equitable tolling of his claims. Plaintiff admits his claims were triggered on March 7, 2017. Doc. No. 30, pp. 2, 6. Because there is no applicable basis for the equitable tolling of his claim once it accrued, even if the Court accepts Plaintiff's proffered accrual date, his action is time-barred and subject to dismissal. Therefore, the Court declines to amend or vacate its order and judgment filed August 17, 2020. Doc. Nos. 28 and 29.

Defendant's Motion to Reconsider is therefore DENIED.

**IT IS SO ORDERED** on this 11th day of December 2020.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE